UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SHAPIRO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ERIC LUNDAHL, et al.,<br><br>　　　　Defendants. | Case No. 16-cv-06444-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 6 |

## INTRODUCTION

Pending before the Court is Defendant Eric Lundahl's Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).[1] Plaintiff Lawrence Shapiro filed an Opposition (Dkt. No. 12) and Defendant filed a Reply (Dkt. No. 16). The Court finds this matter suitable for disposition without oral argument and **VACATES** the March 23, 2017 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Lundahl's Motion for the following reasons.

## BACKGROUND[2]

On November 5, 2014, Shapiro and Lundahl left La Paz, Mexico in a private, non-commercial Cessna model 182K aircraft (the "182 Cessna"). Compl. ¶¶ 1-2, 19, Dkt. No. 1. Although Shapiro "has been a pilot licensed to act as a Pilot in Command ('PIC') with passengers

---

[1] Lundahl also moved to dismiss pursuant to Rule 12(b)(4) and 12(b)(5), but appears to have abandoned those arguments after Shapiro attached proofs of service to his Opposition. The Court only addresses Lundahl's Rule 12(b)(6) arguments.

[2] On this Motion to Dismiss, the Court accepts as true the well-pleaded factual allegations of the Complaint. *See Vasquez v. L.A. Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

for most of his life[,]" he alleges that on November 5, 2014, he was a passenger, and that Lundahl acted as PIC of the plane. *Id.* ¶¶ 2-3, 7. Lundahl made an unplanned stop at San Felipe International Airport in Mexico to refuel the plane. *Id.* ¶¶ 1, 22. Lundahl encountered turbulence, "found that he was unable to fly the airplane and abdicated control of the airplane to Plaintiff with approximately thirty seconds remaining to land." *Id.* ¶ 23. Shapiro was unable to correct the landing, the plane crashed, and Shapiro was severely injured. *Id.* ¶¶ 24-25.

On November 4, 2016, Shapiro filed the instant Complaint in this Court. He alleges three claims for violation of Federal Aviation Regulations 91.103, 91.151, and 91.13. *See* Compl. He names as defendants Lundahl, as well as a number of entities related to Baja Pirates.[3] Shapiro alleges Lundahl is the owner or one of the owners of Baja Pirates, together with the owner of the airplane, and that the Cessna 182 was used in connection with Baja Pirates' business activities on November 5, 2014. *See id.* ¶¶ 8-10. Lundahl moves to dismiss the Complaint on the ground it fails to state a claim upon which relief can be granted.

## LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal

---

[3] Baja Pirates of California, a Corporation; Baja Pirates of Mexico, a Mexican Corporation; Baja Pirates of California, an organization of unknown form; and Baja Pirates of Mexico, an organization of unknown form.

citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez*, 487 F.3d at 1249. In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

**DISCUSSION**

Each of Shapiro's claims is based on Lundahl's alleged violation of the Federal Aviation Act ("FAA"), 49 U.S.C. § 40103, and its implementing regulations. *See* Compl. Shapiro contends federal jurisdiction exists because "[t]his action arises under 28 U.S.C. [§] 1331, 49 U.S.C. [§] 40103, 28 U.S.C. [§] 1331(1) and [the FAA's] implementing regulations." *Id.* ¶¶ 4-5.

The FAA "creates an extensive administrative enforcement scheme" but the Ninth Circuit has concluded, repeatedly and without equivocation, that it does not create a private right of action. *See In re Mexico City Aircrash of Oct. 31, 1979*, 708 F.2d 400, 406-08 (9th Cir. 1983) (finding no intent to create private right of action in the FAA's language or legislative history); *G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Servs., Inc.*, 958 F.2d 896, 901-02 (9th Cir. 1992) ("[W]e have previously held that there is no implied private right of action under the Federal Aviation Act. We reach the same conclusion here, particularly where plaintiff's claim is grounded in the regulations rather than the statute itself." (citing *Montgomery v. Am. Airlines, Inc.*, 637 F.2d

607, 609-10 (9th Cir. 1980))); *Martin ex rel. Heckman v. Midwest Exp. Holdings, Inc.*, 555 F.3d 806, 808 (9th Cir. 2009) ("As the FAA doesn't create a federal cause of action for personal injury suits," the requirement to maintain liability insurance "can only contemplate tort suits brought under state law."); *see also Schneider v. Amador Cty.*, 2011 WL 3876015, at *3 (E.D. Cal. Sept. 1, 2011) ("[P]laintiff cannot proceed with a private right of action under the" FAA).

Shapiro does not deny that the FAA does not provide a private right of action; instead, he argues the Court may exercise jurisdiction because the case arises under the "Convention on International Civil Aviation, a treaty of the United States"; the regulations implementing the FAA preempt state law; and because the case arises in admiralty. *See* Opp'n at 5-8. While Shapiro may be able to invoke federal jurisdiction on these grounds based on as-yet-unpleaded allegations and theories of liability, the claims in the Complaint assert a right of action based entirely on FAA regulations. Because the Ninth Circuit has held the FAA regulations do not create a private right of action, Shapiro's claims are not cognizable and the Complaint fails to state a claim upon which relief can be granted. The Court accordingly grants Lundahl's motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Lundahl's Motion to Dismiss the FAA-based claims **WITH PREJUDICE**. Because it is not clear from the allegations of the Complaint that Shapiro would be unable to state a claim on a different ground, the Court grants Shapiro leave to amend the Complaint to state a claim based on something other than a violation of the FAA or its implementing regulations. Any amended complaint shall be filed no later than March 28, 2017. Failure to amend the Complaint by this deadline will result in dismissal of the action without prejudice.

**IT IS SO ORDERED.**

Dated: March 7, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge