UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SHAPIRO,<br>　　　　Plaintiff,<br>　　v.<br>ERIC LUNDAHL, et al.,<br>　　　　Defendants. | Case No. 16-cv-06444-MEJ<br><br>**ORDER RE: MOTION TO DISMISS FAC**<br><br>Re: Dkt. No. 27 |

## INTRODUCTION

Pending before the Court is Defendant Eric Lundahl's Motion to Dismiss the First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiff Lawrence Shapiro filed an Opposition (Dkt. No. 28) and Defendant filed a Reply (Dkt. No. 29). The Court previously vacated the hearing on the Motion. *See* Dkt. No. 30. Having considered the parties' positions, the relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the following reasons.

## BACKGROUND

**A.　Factual Allegations**

On November 5, 2014, Shapiro and Lundahl left La Paz, Mexico in a private, non-commercial Cessna model 182K aircraft (the "182 Cessna"). FAC ¶¶ 1-2, 19, Dkt. No. 26. Although Shapiro "has been a pilot licensed to act as a Pilot in Command ('PIC') with passengers for most of his life[,]" he alleges that on November 5, 2014, he was a passenger, and that Lundahl acted as PIC of the plane. *Id.* ¶¶ 2-3, 7. After leaving La Paz, the plane crossed the Sea of Cortez. *Id.* ¶¶ 1, 16. Plaintiff alleges Defendant refused to refuel near Loreto, Mexico, flew over San Felipe, Mexico, then decided to turn around and stop at San Felipe International Airport in Mexico

to refuel the plane. *Id*. ¶¶ 1, 20, 22. Lundahl encountered turbulence, "found that he was unable to fly the airplane and abdicated control of the airplane to Plaintiff with approximately thirty seconds remaining to land." *Id*. ¶ 23. Shapiro was unable to correct the landing, the plane crashed, and Shapiro was severely injured. *Id*. ¶¶ 24-25.

**B. Original Complaint**

On November 4, 2016, Shapiro filed the original Complaint in this Court. He alleged three claims for violations of Federal Aviation Regulations 91.103, 91.151, and 91.13. *See* Compl., Dkt. No. 1 He named as defendants Lundahl, as well as a number of entities related to Baja Pirates.[1] Shapiro alleged Lundahl is the owner or one of the owners of Baja Pirates, together with the owner of the airplane, and that the Cessna 182 was used in connection with Baja Pirates' business activities on November 5, 2014. *See id*. ¶¶ 8-10. Lundahl moved to dismiss the Complaint on the ground it failed to state a claim upon which relief can be granted. *See* First MTD, Dkt. No. 6. The Court found the Complaint failed to state a claim:

> Each of Shapiro's claims is based on Lundahl's alleged violation of the Federal Aviation Act ("FAA"), 49 U.S.C. § 40103, and its implementing regulations. *See* Compl. Shapiro contends federal jurisdiction exists because "[t]his action arises under 28 U.S.C. [§] 1331, 49 U.S.C. [§] 40103, 28 U.S.C. [§] 1331(1) and [the FAA's] implementing regulations." *Id*. ¶¶ 4-5.
>
> The FAA "creates an extensive administrative enforcement scheme" but the Ninth Circuit has concluded, repeatedly and without equivocation, that it does not create a private right of action.

First Order at 3 (citing cases), Dkt. No. 25.

**C. First Amended Complaint**

Shapiro for the most part reasserts the allegations he included in the Original Complaint, adding a few more details regarding the basis for his claims. As is relevant to the Motion, the FAC alleges Defendant was negligent in deciding to plan the trip without any intermediate stops for refueling despite the availability of refueling stops (*id*. ¶ 16); not becoming familiar with all

---

[1] Baja Pirates of California, a corporation; Baja Pirates of Mexico, a Mexican corporation; Baja Pirates of California, an organization of unknown form; and Baja Pirates of Mexico, an organization of unknown form.

2

available information concerning the flight, including fuel requirements (*id.* ¶ 26); not having enough fuel in the plane when beginning the flight (*id.* ¶ 28); refusing to land to refuel at Loreto International Airport (*id.* ¶ 20); and failing to land the plane at San Felipe International Airport (*id.* ¶ 22-24). Based on these allegations, Plaintiff asserts claims based on violation of federal aviation regulations (claims 1-3) and general negligence (claim 4). He asserts federal jurisdiction exists based on admiralty. *Id.* ¶ 5.

**LEGAL STANDARD**

Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must therefore provide a defendant with "fair notice" of the claims against it and the grounds for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citation omitted).

A court may dismiss a complaint under Rule 12(b)(6) when it does not contain enough facts to state a claim to relief that is plausible on its face. *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *Id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). In addition, courts may consider documents attached to the complaint. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995) (citation omitted).

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no

request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and citations omitted). However, the Court may deny leave to amend for a number of reasons, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## DISCUSSION

### A. Claims Based on FAA Regulations

The Court previously dismissed Plaintiff's FAA claims with prejudice. *See* First Order at 3-4. As the Court already found, the Ninth Circuit has held unequivocally that neither the FAA statute nor its implementing regulations provide a private course of action. *Id*. (citing cases). In his Opposition, Plaintiff argues he is not attempting to state claims based on the regulations, but rather alleges those violations are acts constituting breaches of the applicable standards of care. Opp'n at 3. The Court observes, much like Defendant did, that Plaintiff has, in fact, pleaded these as claims for relief, claims that the undersigned dismissed with prejudice.

### B. Admiralty Jurisdiction

> A tort claim falls within the admiralty jurisdiction of the federal courts when two conditions are met. First, the tort must occur on or over navigable waters; this is the "locality" or "situs" test. *See Solano v. Beilby*, 761 F.2d 1369, 1370–71 (9th Cir. 1985); *Guidry v. Durkin*, 834 F.2d 1465, 1469 (9th Cir. 1987). Second, the actions giving rise to the tort claim must "bear a significant relationship to traditional maritime activity." *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 268 (1972). This is the "nexus" or "relationship" test. *See Solano*, 761 F.2d at 1371; *Guidry*, 834 F.2d at 1469. Admiralty jurisdiction exists only when both these requirements are satisfied. *See Whitcombe v. Stevedoring Services of America*, 2 F.3d 312, 314 n. 2 (9th Cir. 1993).

*Taghadomi v. United States*, 401 F.3d 1080, 1084 (9th Cir. 2005).

In the Ninth Circuit, the "situs" of the tort is "where the injury occurs" – not where the negligence took place: "It is clear, then, that the place of the injury is the determinative factor."

4

*Id.* at 1085; *see also Solano v. Beilby*, 761 F.2d 1369, 1371 (9th Cir. 1985) ("In examining the first part of the maritime tort test, courts have traditionally defined the locus of the tort as the place where the injury occurs." (citing cases)). Plaintiff does not allege that the injury took place on navigable water, and does not dispute the plane crashed on land; he argues instead that admiralty jurisdiction exists because the negligent acts that caused the crash occurred while the plane was flying over navigable water. Opp'n at 2-3. But the FAC alleges no facts sufficient to show the negligent acts that allegedly caused the crash occurred over navigable water. On the contrary, Plaintiff alleges Defendant was negligent in *planning* the trip in La Paz (on dry land), in refusing the land the plane to refuel at Loreto (on dry land), and in crashing the plane in San Felipe (on dry land). *See* FAC ¶¶ 16, 20, 22-24, 26, 28. The only allegation suggesting this action has any connection to water is that the plane flew over the Sea of Cortez at some point before the accident. This is insufficient to confer admiralty jurisdiction. *See Executive Jet*, 409 U.S. at 268; *see also In re Air Crash Off Point Mugu, Cal.*, 145 F. Supp. 2d 1156, 1164 (N.D. Cal. 2001) ("Admiralty jurisdiction does not arise in aviation crash cases simply because the crash or the wrongful conduct occurred on or over navigable waters.").

Plaintiff's reliance on *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 813-18 (7th Cir. 2015) and *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534-36 (1995), therefore is misplaced. *Lu Junhong* concerned a plane crashing into the seawall separating a runway at San Francisco International Airport from the San Francisco Bay. 792 F.3d at 807-08. When some of the passengers filed suit in state court in Illinois, defendant Boeing removed the case by asserting federal jurisdiction existed on a number of grounds, including admiralty. *Id.* The district court remanded for lack of subject matter jurisdiction, concluding in relevant part there was no admiralty jurisdiction where "the tort occurred on land, when the plane hit the seawall, rather than over navigable water." *Id.* at 808. The Seventh Circuit reversed, holding admiralty jurisdiction existed where a commercial plane crashed into the seawall after it had just completed a transoceanic flight and the cause of the crash was alleged to have occurred over navigable waters. *Id.* at 814 (the National Transportation Safety Board "concluded that by 10 seconds before impact a collision was certain . . . This means that, while the plane was over San

Francisco Bay (part of the Pacific Ocean), an accident became inevitable. And the plaintiff's own theory of liability pins a portion of the blame on Boeing because, about 4.5 nautical miles from the seawall, the auto-throttle system disengaged . . . and caused the plane to descend faster than the pilots appreciated."); *see also In re Air Crash at Belle Harbor, N.Y.*, 2006 WL 1288298, at *12 (S.D.N.Y. May 9, 2006) (locality test met even though crash and injuries occurred on land because it was "undisputed that the loss of the vertical stabilizer and rudder over Jamaica Bay left the Aircraft incapable of flight. From that moment forward, the deaths of all those aboard the Aircraft were inevitable.").[2] Similarly, in *Jerome B. Grubart*, the Supreme Court extended admiralty jurisdiction to cases involving injuries suffered on land where those injuries were caused by a vessel on navigable water. 513 U.S. at 532-36 (relying on Extension of Admiralty Jurisdiction Act to find jurisdiction existed in action involving flooding of a freight tunnel under a navigable river that was caused by a barge: "The purpose of the Act was to end concern over the sometimes confusing line between land and water, by investing admiralty with jurisdiction over 'all cases' where the injury was caused by a ship or other vessel on navigable water, even if such injury occurred on land."). In essence, Plaintiff alleges that Defendant failed properly plan the trip, to carry enough fuel to safely reach Calexico, and to land the plane safely at San Felipe. As alleged, none of these acts or omissions occurred over navigable water.

Furthermore, the FAC also does not allege facts sufficient to show the second prong of the admiralty test: that the accident bears "a significant relationship to traditional maritime activity." *Executive Jet*, 409 U.S. at 272. In order to evaluate whether the accident has a significant relationship to traditional maritime activity, courts first "assess the general features of the type of incident involved to determine whether the incident has a potentially disruptive impact on maritime commerce" and then whether "the general character of the activity giving rise to the incident shows a substantial relationship to traditional maritime activity." *In re Mission Bay Jet Sports*, LLC, 570 F.3d 1124, 1126 (9th Cir. 2009) (internal quotation marks and citations omitted). Transporting friends or business associates up the Coast of Baja to Calexico, California in a

---

[2] The Court notes the reasoning of *Lu Junhong* may be in tension with the Ninth Circuit's "situs" analysis, but need not resolve the issue at this juncture.

6

private plane does not necessarily have the same nexus to traditional maritime activity as commercial flights involving transoceanic travel to a destination that was traditionally reached by sea. *See In re Air Crash*, 145 F. Supp. 2d at 1164-65 ("The maritime air crash cases, *Offshore Logistics, Williams, Roberts* and *Honolulu,* stand for the proposition that admiralty jurisdiction lies if, but for aviation, the journey would have been conducted by sea. In this respect Puerto Vallarta is more like Hawaii than New York—the destination of the *Executive Jet* aircraft."); *Lu Junhong*, 792 F.3d at 816 (noting most courts have found plane accidents occurring over water bear a significant relationship to traditional maritime activity, but citing as exception *United States Aviation Underwriters, Inc. v. Pilatus Bus. Aircraft Ltd.*, 582 F.3d 1131 (10th Cir. 2009), where the Tenth Circuit "stressed that the flight was not commercial."). Plaintiff does not allege facts that show the incident had a substantial relationship to traditional maritime activity.

## CONCLUSION

Plaintiff does not allege facts showing the plane crashed within navigable waters, his injuries were caused by actions Defendant took over navigable water, or that the incident had a substantial relationship to traditional maritime activity. Plaintiff's allegation the flight path of the plane crossed the Sea of Cortez at some point is insufficient to establish admiralty jurisdiction exists. Accordingly, the Court **GRANTS** Defendant's Motion and **DISMISSES** the FAC.

The Court will give Plaintiff leave to amend a final time if he can, in good faith and consistent with his obligations under Federal Rule of Civil Procedure 11, allege facts sufficient to show admiralty jurisdiction exists based on the authorities cited herein. Plaintiff shall not reassert separate claims based on the Federal Aviation Act or its implementing regulations, as the Court has dismissed these with prejudice.

Any amended complaint shall be filed by May 26, 2017.

**IT IS SO ORDERED.**

Dated: May 10, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge