UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAWRENCE SHAPIRO,<br><br>Plaintiff,<br><br>v.<br><br>ERIC LUNDAHL, et al.,<br><br>Defendants. | Case No. 16-cv-06444-MEJ<br><br>**ORDER DENYING REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 39 |

On July 7, 2017, the Court granted Defendants' Motion to Dismiss without leave to amend. *See* Order, Dkt. No. 38. Pursuant to Civil Local Rule 7-9, Plaintiff requests leave to file a motion for reconsideration of that Order. *See* Mot., Dkt. No. 39.[1]

In his Motion, Plaintiff argues it is "apparent that the Court did not consider the [Extension of Admiralty Act ('EAA')]." Mot. at 3. The Court did not specifically discuss the EAA, which was enacted in 1948. Instead, the Court analyzed authorities that interpreted and applied the EAA, including cases Plaintiff cited in his Opposition, such as *Lu Junhong v. Boeing Co.*, 792 F.3d 805, 816 (7th Cir. 2015) and *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 532-34 (1995). *See* Order at 6-7 (specifically noting the *Grubart* Court relied on the Extension of Admiralty Act to find admiralty jurisdiction existed). The Court found Plaintiff did not allege facts sufficient to show admiralty jurisdiction applied under the standards set forth in

---

[1] Plaintiff noticed his Motion to be heard on August 17, 2017; however, unless otherwise ordered, no hearings are held concerning motions for leave to file a motion to reconsider. *See* Civil L.R. 7-9(d).

those cases, standards explicitly based on the EAA.  *See id*.  Plaintiff's request for leave thus is DENIED.

**IT IS SO ORDERED.**

Dated:  August 9, 2017

_____
MARIA-ELENA JAMES
United States Magistrate Judge